Morning, counsel. Morning. Morning. May it please the court, Daniel Arellano for Appellant Tommie Lee Harris. With the court's permission, I'd like to reserve three minutes for rebuttal, if I may. This is a case that begins and ends with the plain terms of the operative statute. And the question under the text of the Prison Litigation Reform Act is whether Mr. Harris had three or more prior actions dismissed on the ground that they were malicious, frivolous, or that they failed to state a claim. Looking at Mr. Harris' prior cases under the lens of the statute, he has incurred at most two strikes, rendering him eligible to proceed and form a papyrus in this action. That's because this court held in Washington v. LA County Sheriff's Department that only a complete dismissal of an action on an enumerated ground, rather than the dismissal of a particular claim within that action, constitutes a strike. In other words, it is only when this court is presented with multiple claims within a single action, the court will assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act. And the plaintiff in that case did not incur a strike where his prior dismissals were not entire cases dismissed on an enumerated ground. Here, we're again dealing with precisely those kinds of mixed dismissals, where the entirety of the action was not dismissed on an enumerated ground under the PLRA. I think a related principle that guides resolution of this appeal is the fact that each of the three categories of strikes under the statute, under the PLRA, involves dispositions that look to the merits of the suit. And here, both of the prior cases at issue involved A, mixed dismissals, B, where at least some of the claims were disposed of without looking to their merits. The first of those cases is Harris v. Bick, where Mr. Harris sued Dr. Bick, had his claims against Dr. Bick dismissed, but with leave to amend. And Mr. Harris then brought an amended complaint where he named new defendants and omitted Dr. Bick, acknowledging explicitly in his amended complaint that his claims after Dr. Bick had to be dismissed. He was therefore doing the best he could to effectuate a voluntary dismissal. And procedurally and functionally, I think it would be no different whether he filed an amended complaint that simply omitted Dr. Bick than it would have been had he simply filed a Rule 41 dismissal of that same defendant. And there's case law directly on point here from the Fourth Circuit in Tolbert holding that a voluntary dismissal is not one of the grounds listed in 1915G, and therefore the voluntary dismissal of claims do not constitute a strike under the PLRA. A related point recognized by the D.C. Circuit and Butler v. DOJ is that failure to prosecute similarly does not constitute a strike under the Prison Litigation Reform Act. The second reason why I think Harris v. Bick, and I think really the key reason why Harris v. Bick didn't constitute a strike is because the district court, following the filing of Mr. Harris' first amended complaint, did not exercise supplemental jurisdiction over Mr. Harris' state law claims. And there's a D.C. Circuit case directly on point on all fours on this issue, and that's the case of Four Star v. Garden City Group, where the D.C. Circuit held that when a district court has declined to exercise supplemental jurisdiction over state law claims, the court has not dismissed the state law claims for failure to state a claim, nor has the court dismissed the state law claims as frivolous or malicious. And I think a related point that's bolstered by this court's case law is a scenario where a district court declines to or lacks subject matter jurisdiction over a particular claim under Rule 12b-1. That's an issue that the D.C. Circuit first addressed in Thompson, and that this court later followed in Moore v. Maricopa County Sheriff's Office, where the court held that a district court's decision to, or not a decision, a district court's lack of subject matter jurisdiction does not constitute a strike because there's no disposition of the merits of those claims. There's no disposition even of the complaint on its face as to whether a claim was stated as to whether the complaint was frivolous or malicious, precisely because the court never exercises jurisdiction over the claim. And I think it's the exact same scenario when a court declines to exercise supplemental jurisdiction. The next case at issue here is one Harris v. Nielsen, and that's where Mr. Harris sued five defendants, four of whom were dismissed for variations of different types of immunity, more specifically a type of quasi-judicial immunity, and a fifth defendant was dismissed for failure to serve. But the district court didn't rely on Nielsen, did it? I'm sorry? The district court here did not rely on Nielsen. Not explicitly. It did not explicitly rule it as a strike, but the district court did acknowledge that as a potential fourth, and the reason why it declined to get to that one is because, explicitly at least, was because it found there to be sufficient strikes on the other three. If the district court didn't rely on Nielsen, then is Nielsen technically before us at this time? I think it is, Your Honor. I think because the district court explicitly acknowledged it, I think the district court issued, I think even though it didn't make an express ruling on the issue, I do think that the district court clearly provided analysis as to the factors that would guide the decision one way or the other, and I think because it's a purely legal question and we have a fully developed record, because I know it's been an issue with getting some of these documents and we've had to do it through motions for judicial notice, but I think we have plainly judicially noticeable documents that I think make up a full record before the panel, and I think the court has everything it needs in order to resolve that issue, and I think frankly it would be perhaps a poor use of judicial resources to remand solely on that issue for the district court to resolve, only for the district court to make a resolution that constituted a strike when this court can address it in the first instance with the information it has before it. And to that point, Your Honor, I think it's worth noting that this court's review on that issue would be de novo in any event, and so I don't know that there really would be that much value for the district court to address this in the first instance. If we agree with you on the failure to serve as eliminating this case as a strike, would we need to reach the quasi-immunity issues? I don't think you would, Your Honor. I think because, again, because if the failure to serve does not constitute a strike, then that means that the entire action was not dismissed on an enumerated ground as to Harris v. Nielsen, and I think that would be enough to get Mr. Harris past that issue. And I do think the failure to serve is really the easiest issue on which to resolve Harris v. Nielsen, and I think that's simply because if you look at the distinction between Rule 12b-6 and 12b-4, both this court and several other circuits have been explicit in noting that Congress chose to mirror the language of Rule 12b-6 in using the failure to state a claim language in 1915G. Failure to serve or dismissal for failure to serve falls under Rule 12b-4, and if you look at the cases dealing, again, with the issue of lack of subject matter jurisdiction under 12b-1, that is a key legal distinction for purposes of assessing a strike. The fact that a case was dismissed under 12b-1 as opposed to 12b-6 and the fact that 12b-6 is what tracks the language in 1915G matters. It's only 12b-6 dismissals that trigger it, and here the fact that we have a 12b-4 dismissal I think is a key distinction and, again, an easy way on which to resolve that issue. You wanted to save some time. I would like to if I may. Thank you. Good morning. May it please the Court. Todd Grabarsky, California Deputy Attorney General, on behalf of Defendant Appellee Kay Harris. District Court correctly revoked a plaintiff's IFP status under the PLRA because at least three of his prior dismissals were dismissed as frivolous or for failure to state a claim, and as opposing counsel has indicated, plaintiff concedes that two of the prior dismissals constituted strikes. The remaining two dismissals are at issue, and either of those dismissals would be sufficient to affirm the District Court's ruling. I'll first address the Nielsen District Court matter. In that case, plaintiff had sued five prison psychologists and other prison officials about the denial of his parole based on their testimony at his parole revocation hearing, and the final order that dismissed the action was for failure to state a claim upon which relief could be granted because it was apparent on the face of the complaint that those officials were entitled to quasi-judicial immunity, and this Court routinely holds that dismissal for failure to state a claim is appropriate where an affirmative defense is apparent on the face of the complaint, and that's happened in the context of prosecutorial immunity, the Milstein v. Cooley case, which I've discussed in the answering brief, failure to exhaust administrative remedies, also an affirmative defense, and the Albino v. Baca en banc. Were all of the claims in Nielsen dismissed for strike-worthy reasons, Mr. Grabarsky? So earlier in the matter, one defendant, the court's who responded dismissed one defendant for lack of service. The action then proceeded, and plaintiff elected to proceed in that action with the claims that remained. Where was Washington then if there was a portion that was not dismissed on the merits? Well, Washington instructs us that looking at the final order that dismissed the action, if that order is a mixed dismissal, as it was in Washington, some of the claims were dismissed for failure to state a claim and some of the claims were dismissed for lack of jurisdiction because they're habeas claims, when that final order dismissing the action is a mixed dismissal that doesn't count as a strike. But here, that's not what we have. We have the action was proceeding, and the final order that disposed of the action was simply an order for failure to state a claim. There was never a finding on the merits as to the one defendant, however, who was dismissed. Is that right? That's correct, Your Honor. Was he dismissed with prejudice? No, I don't believe so. It was conceivable that he could be brought, well, a claim could be brought against him, again, alleging essentially the same facts. Is that right, that they could ever find him to serve him? Sure, and I believe this case was initially filed 20 years ago, so there might be other issues. But, yeah, but I think that point indicates plaintiff chose to pursue this action. What the action that plaintiff wanted to proceed on was the claims against the defendants who, in fact, were served. So that action was proceeding along, eventually got to the end point where the entirety of the action, as it was proceeding, was dismissed for a strike-qualifying reason. And that squares with how this Court has instructed district courts to look at dismissals and to figure out whether they constitute strikes. The Nat V. Hogan case, this Court instructed that we should look to the order of dismissal that dismissed the action to determine whether the action was dismissed for failure of state of claim. And here, but for that order of dismissal, in other words, the last order that dismissed the action for failure of state of claim, this action would have proceeded. But instead, we have an order dismissing the case for failure of state of claim. It still haunts me that part of it was dismissed under 12B4. And you're right. I mean, it's 20 years hence. But it's not his fault that it's 20 years hence. It's not Mr. Harris' fault that it's 20 years hence, is it? Well, Mr. Harris, what he could have done is when that, when the Court sui sponte dismissed that one defendant for lack of service, Mr. Harris could have said, look, I think this action should proceed on all the defendants, including this one who I couldn't serve. And I think the service was ineffectuated by the marshals. Plaintiff could have said, this action is important. It needs to constitute all five defendants, including that one that wasn't able to be served. He could have voluntarily dismissed the case without prejudice and then tried, made more of an effort to locate that defendant and serve him, and then so that his action, as he intended, could have proceeded with that defendant. Instead, he said, all right, that defendant's not being served, no longer part of the action, doesn't matter to me. I'm still going to proceed on this action. What if he was relying on our decision in Washington? He was a cagey jailhouse lawyer and he knew about Washington. So he said, well, we'll let that one go. I'll get back to that one because this is not dead yet. So what if he had relied on Washington, as you are urging us not to, so that he could proceed with respect to these other ones? Would that change your analysis at all? No, Your Honor. What Washington would have instructed him was the order of dismissing that defendant for lack of service wasn't a final order. Right. It wasn't an order that dismissed the action. So he's choosing to proceed with the action as it stands. So if later on he gets an order dismissing the entire action, if that order, that final order, is a dismissal for one of the qualifying reasons, Washington would have instructed him that still could count as a strike. I'll turn to the Bick dismissal, which if this Court isn't convinced about the Nielsen dismissal, Bick would still constitute a strike. A plaintiff mischaracterizes this situation as a voluntary dismissal when in reality, as he correctly described the case, initially a prison doctor was sued. This was an Eighth Amendment federal civil rights case against that doctor for a delay in receiving his eyeglasses. The original complaint was dismissed with leave. Plaintiff chose not to amend the claims against that doctor and instead named as a defendant a nurse. And the court dismissed that amended complaint without prejudice, without leave to amend, because plaintiff, quote, failed to state a claim against the nurse and any member of the medical staff, which would include the prison doctor. And this court recently addressed a very similar situation in Harris v. Mangum. In that case, there were prior dismissal, there were prior suits that were dismissed with leave. Plaintiff didn't amend. What about the court's decision to decline to exercise supplemental jurisdiction? Can you address the rationale of the four-star case? Well, a defendant contends that four-star was wrongly decided and this court need not reconcile a four-star. In fact, and it goes against how this court has treated declination of supplemental jurisdiction. We have the Cronky v. City of Phoenix case where district court had dismissed federal claims, declined. Isn't the PLRA, isn't the prudential underpinnings of the PLRA such that it favors a resolution on the merits? That's why it relies on 12b-6. There's no claim stated. So it's, you know, the claim was frivolous or in addition to either being frivolous or malicious. But we don't have frivolity or maliciousness here. And you're relying on 12b-6. And we don't have any adjudication on the merit. There was simply a declination to exercise jurisdiction. So that's not a merits-based decision, is it? Well, Your Honor, the bulk of the actions were dismissed under 12b-6. That the Eighth Amendment claim, which was constituted the bulk of the action, was dismissed on the merits or failure to state a claim. You don't dispute, though, that there was a supplemental jurisdiction claim that was still extant at the time of the dismissal, right? There were tacked-on state law debtor-creditor claims and contract claims that it's unclear whether they had anything to do with what this Eighth Amendment civil rights action was all about. So in that sense, yes, there were tacked-on state law claims. Unlike in younger abstention, what the district court did, the district court didn't dismiss those claims. The court merely took a step back, said, we're not even going to determine whether we have subject matter jurisdiction or supplemental jurisdiction over those claims at all. Instead, we're going to dismiss the action. What this action was about was the Eighth Amendment medical deliberate indifference claim. We're going to dismiss that action and take a step back and not even rule as to whether we have jurisdiction over those supplemental claims. And as I've indicated, this court has done that in the Cronkivy City of Phoenix case, the Brewer v. Hadjad case, which expressly took into consideration Washington versus L.A. County sheriffs. In Brewer v. Hadjad, it was an IFP three strikes case. I see my time is up. Can I briefly finish? In Brewer v. Hadjad, there were prior dismissals, dismissal for failure to state a claim, declination of supplemental jurisdiction. This court affirmed the denial of IFP status because of three strikes, expressly considering the Washington v. L.A. County sheriffs. Again, even if the court isn't convinced, we still have the Nielsen dismissal, which was a final action for dismissal and a final action for failure to state a claim. If there's no further questions, thank you for your time. Thank you. I just want to make a couple points. I think, you know, I think as Marbley has indicated, this case, I think, really turns on Washington. And I think in a couple of respects, both, I think, because of the mixed dismissal issue, but also I think that the discussion in Marbley about younger abstention and how that relates to 12b1 dismissals for lack of subject matter jurisdiction, I think really bolster the points that Mr. Harris needs both on the Harris v. Bick dismissal as well as the Harris v. Nielsen dismissal. I think as to the Harris v. Bick dismissal, it's because that I think that same discussion of that doctrine really bolsters, I think, the D.C. Circuit's decision in four star because, again, you're dealing with whether it be younger, whether it be 12b1 dismissal, you're dealing with the district court not really addressing the merits of a particular set of claims. And again, I think that goes even more so to the failure to serve in Nielsen because, again, it's a distinct basis from 12b6. You have a 12b4 dismissal where the court never reached the merits of the complaint. Even if we were just dealing with what was apparent on the face of the complaint, the district court never gets there. We don't have that resolution as to that issue. As to the effort to distinguish Washington on the ground that it was the final or, you know, the very last order of the district court was to kind of resolve the action on an enumerated ground, I think the order in which the orders come, I don't think, is a material distinction. I don't think it would be unusual, for example, a dismissal for lack of subject matter jurisdiction under 12b1 or lack of personal jurisdiction under 12b2, which I think this case law is clear do not constitute strikes. I don't think it would be unusual for those types of dismissals to precede, you know, the very last final order that disposes of whatever is remaining in the action by the end. You know, I think in some respects, you know, an action is nothing more than the sum of its claims and defendants. And whether one is dismissed, you know, preceding the other, whether they're all dismissed at the same time, I don't think is a distinction with the difference. And if the court had any – one point I want to make just very quickly on the statute for the qualified immunity grant. If the court chooses to get there, which Judge Wentz, I don't think you do if you agree on the 12b4 issue. I think it's just imperative for the court to compare the language used in 1915e, which treats dismissals on immunity grounds as a distinct basis from failure to state a claim. And so I think that shows that Congress knew how to use those two terms differently. And if failure to state a claim, if I could just finish this thought, if failure to state a claim included a dismissal for basis of immunity, it would not have been necessary for Congress to use those two terms distinctly in the statute. All right, we've got the argument. Thank you very much for taking the case, and we thank the state as well for stepping in to meet this counsel on this matter. It's submitted for decision by the court.
judges: Gould, Nguyen, Marbley